# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re:<br><br>CHARLESTON ASSOCIATES, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 10-11970 (KJC)<br><br>Hearing Date: April 20, 2011 at 1:00 p.m. (ET)<br>Objection Deadline: March 22, 2011 at 4:00 p.m. (ET) |

### APPLICATION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 328(A) AND 1103 AUTHORIZING AND APPROVING THE EMPLOYMENT AND RETENTION OF BRINKMAN PORTILLO RONK, PC AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF FEBRUARY 3, 2011

The Official Committee of Unsecured Creditors (the "Committee") appointed in the bankruptcy case of the above-captioned debtor and debtor-in-possession (the "Debtor") submits this application (the "Application") for an order pursuant to 11 U.S.C. §§ 328(a) and 1103 and Federal Rule of Bankruptcy Procedure 2014(a) authorizing and approving the employment and retention of Brinkman Portillo Ronk, PC ("BPR") as counsel for the Committee, effective as of February 3, 2011. In support of the Application, the Committee respectfully represents:

## BACKGROUND

1. On June 16, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

2. Pursuant to 11 U.S.C. §§ 1107(a) and 1108, the Debtor continues to operate its businesses as debtor in possession.

3. No trustee or examiner has been appointed in the Debtor's bankruptcy case.

4. On February 3, 2011, the Office of the United States Trustee appointed the Committee pursuant to 11 U.S.C. § 1102.

5. The Committee has selected BPR to serve as counsel and Womble Carlyle Sandridge & Rice, PLLC ("WCSR") to serve as its Delaware counsel.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 328 and 1103 and Fed. R. Bankr. P. 2014.

## RELIEF REQUESTED

7. By this Application, the Committee seeks entry of an Order authorizing and approving the employment of BPR as its counsel to perform services relating to the Debtor's bankruptcy case, effective as of February 3, 2011.

8. Section 328(a) of the Bankruptcy Code empowers a committee appointed under 11 U.S.C. § 1102, with the Court's approval, to employ attorneys under 11 U.S.C. § 1103 on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis, to perform services for such committee.

9. Pursuant to 11 U.S.C. § 1103(b), an attorney employed to represent a committee may not, while employed by such committee, represent any other entity having an adverse interest in connection with the case. BPR has advised the Committee that BPR does not hold or represent any other entity having an adverse interest in connection with the Debtor's bankruptcy case and does not have any connections with the United States Trustee, any person employed by the Office of the United States Trustee or the Bankruptcy Judge to whom this case is assigned. Submitted herewith is the Certification of Daren R. Brinkman, Esq., a Partner of BPR, which sets forth BPR's connections with the Debtor, its creditors, and other parties-in-interest (the "Counsel Certification").

10. The Committee has selected BPR because of its attorneys' experience and knowledge. The Committee believes that BPR is well-qualified to represent the Committee in the Debtor's bankruptcy case.

11. The professional services that BPR will provide to the Committee include, but are not limited to the following, all working with WCSR to avoid duplication of effort:

    (a) providing legal advice as necessary with respect to the Committee's powers and duties as an official committee appointed under 11 U.S.C. § 1102;

    (b) assisting the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtor, the operation of the Debtor's business, potential claims, and any other matters relevant to the case, to the sale of assets or to the formulation of a plan of reorganization (a "Plan");

    (c) participating in the formulation of a Plan;

    (d) providing legal advice as necessary with respect to any disclosure statement and Plan filed in this case and with respect to the process for approving or disapproving disclosure statements and confirming or denying confirmation of a Plan;

    (e) preparing on behalf of the Committee, as necessary, applications, motions, complaints, answers, orders, agreements and other legal papers;

    (f) appearing in Court to present necessary motions, applications, and pleadings, and otherwise protecting the interests of those represented by the Committee;

    (g) assisting the Committee in requesting the appointment of a trustee or examiner, should such action be necessary; and

    (h) performing such other legal services as may be required and that are in the best interests of the Committee and creditors.

12. Subject to the Court's approval and pursuant to 11 U.S.C. §§ 330 and 331, the Federal Rules of Bankruptcy Procedure, and the rules and other procedures which this Court may fix, the Committee requests that BPR be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that BPR incurs in accordance with the ordinary and customary rates which are in effect on the date the services are rendered.

13. BPR's hourly rates are as follows:

| Professional | Hourly Rate |
|---|---|
| Daren R. Brinkman, Partner | $545.00 |
| Laura J. Portillo, Partner | $455.00 |
| Kevin C. Ronk, Partner | $355.00 |
| Associate Attorneys | $295.00 |
| Paralegals and Law Clerks | $100.00-$180.00 |

14. The charges set forth herein are based upon actual time charges on an hourly basis and based upon the experience and expertise of the attorney or legal assistant involved. The hourly rates set forth are subject to periodic adjustments (generally on July 1st of each year) to reflect economic and other conditions.

15. The Committee understands that any compensation and expenses paid to BPR must be approved by this Court upon application consistent with the Bankruptcy Code, applicable Federal Rules of Bankruptcy Procedure, and any Orders of this Court respecting compensation of professionals.

16. There are no amounts due to BPR from Debtor on account of any pre-petition services rendered.

17. To the best of the Committee's knowledge and subject to the Counsel Certification submitted herewith, BPR represents no other entity in connection with this case, is a "disinterested person" as that term is defined in 11 U.S.C. § 101(14), and does not hold or represent any interest adverse to the Committee with respect to the matters upon which it is to be employed.

## NOTICE

18. The Committee has provided notice of this Application to (a) Office of the United States Trustee, (b) counsel for the Debtor, (c) counsel for the Debtor's pre- and post-petition secured lenders, and (d) all parties who have filed and served requests for notice pursuant to

Federal Rule of Bankruptcy Procedure 2002. The Committee submits that no other or further notice is necessary or required.

19. No previous application for relief sought herein has been made to this or any other Court.

**WHEREFORE**, the Committee respectfully requests that this Court enter an Order, substantially in the form submitted herewith, authorizing the Committee to retain and employ Brinkman Portillo Ronk, PC as counsel to the Committee, effective as of February 3, 2011, and grant such other and further relief as the Court deems just or proper.

Dated: March 7, 2011

OFFICIAL COMMITTEE OF UNSECURED
CREDITORS OF CHARLESTON ASSOCIATES, LLC

By: *[signature]*
, Committee Chairperson